UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMANTHA BAILEY, | : | |
| | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| DISTRICT ATTORNEY JEFFREY | : | |
| MITCHELL, in his official capacity; CHIEF | : | |
| OF POLICE STANLEY J. ELY, in his | : | |
| individual and official capacity; CHIEF OF | : | |
| POLICE JOHN KREIG, in his individual | : | |
| and official  capacity; POLICE OFFICER | : | |
| JOHN C. ZDANIEWICZ, in his individual | : | JUDGE: MALACHY E. MANNION |
| and official capacity; TUNKANNOCK | : | |
| TOWNSHIP; MESHOPPEN BOROUGH; | : | |
| AND WYOMING COUNTY, | : | |
| | : | |
| Defendants | : | NO. 3:17-CV-1128 |

AMENDED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)
OF DEFENDANTS, DISTRICT ATTORNEY JEFFREY MITCHELL
AND WYOMING COUNTY

Motion of Defendants, District Attorney Jeffrey Mitchell, in his official capacity and Wyoming County, *only*, through their attorneys, Kreder Brooks Hailstone LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court to dismiss Plaintiff's Complaint, and cites the following reasons therefore:

1.     Plaintiff, Samantha Bailey, has brought this suit against Wyoming County District Attorney Jeffrey Mitchell ("Mitchell"), exclusively in his official capacity, and Wyoming County (the "County"), as well as other Co-Defendants who

are Wyoming County Municipalities and police officers of Wyoming County Municipalities.

I.      PLAINTIFF'S CLAIM FOR ALLEGED VIOLATION OF RIGHTS UNDER 42 U.S.C. 1983.

2.      The facts, as set forth in Plaintiff's Complaint state that Kandi Madill ("Madill"), Plaintiff's mother, took the Plaintiff to Tyler Memorial Hospital in Wyoming County on January 1, 2016 to be treated for a heroin overdose.

3.      Ms. Madill also delivered a quantity of heroin and drug paraphernalia to the hospital who turned it over to law enforcement officers.

4.      Meshoppen Borough Police Chief, John Kreig and Tunkhannock Township Police Officer, John C. Zdaniewicz, were the primary police officers involved in the case.

5.      The police brought criminal charges against the Plaintiff including charges of possession of a controlled substance and drug paraphernalia.

6.      Criminal charges were brought and a Preliminary Hearing was held before Magistrate District Judge David C. Plummer, who bound the charges over and set bail at $5,000.00.

7.      Magistrate Judge Plummer set several conditions on Plaintiff's bail including the submission to blood tests for drug and alcohol and prohibition against using drugs and alcohol.

8.     Plaintiff, through her counsel, filed an Omnibus Motion to Dismiss the criminal charges relying, *inter alia*, on the Drug Overdose Response Immunity Act which provides immunity for persons who report a drug overdose offense.  The aforesaid Act also provides immunity for "persons experiencing drug overdose events...if a person who transported or reported and remained with them may not be charged and is entitled to immunity."

9.     According to Plaintiff's Complaint, the District Attorney's Office asked for a continuance of the case until it could be examined more closely and did, ultimately, terminate the case through the filing of a *nolle proseque*.

10.     The lawsuit against the District Attorney and Wyoming County is based upon the District Attorney's prosecution of this case.  District attorneys enjoy Absolute Immunity from lawsuits involving their decision to prosecute a criminal case.

11.     The Plaintiff attempts to circumvent this rule by suing exclusively in the District Attorney's official capacity and claiming that the issue involves a policy of the District Attorney's Office and does not concern a criminal prosecution.  That is a distinction without a difference.  This case is centrally about the wrongful prosecution of a criminal case for which the District Attorney's Office enjoys Absolute Immunity.

12.    Furthermore, where a Plaintiff sues the governmental unit, and not a governmental agent concerning an alleged violation of constitutional rights, the Plaintiff must plead and prove that the constitutional violation was in accordance with a policy or custom of the governmental entity to violate the constitutional rights of citizens.  Monell v. Department of Social Services 436 U.S. 658 (1978).

13.    The Plaintiff's Complaint does not allege that it is the policy of Wyoming County or its District Attorney's Office to consistently and intentionally violate Pennsylvania's Drug Overdose Response Immunity Act.

14.    Plaintiff cannot make such an allegation of the existence of a policy because this is the first case in Wyoming County in which the Drug Overdose Response Immunity Act has ever been raised.

15.    The claim against Wyoming County and its District Attorney's Office must be dismissed for absolute prosecutorial immunity and for the immunity provided to governmental entities under the Supreme Court Case of Monell v. Department of Social Services 36 U.S. 658 (1978).

II.    PLAINTIFF'S CLAIM FOR ALLEGED "MALICIOUS PROSECUTION".

16.    Plaintiff also makes a claim under state law for malicious prosecution. Claims against county agents under state law are governed by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. 8541, *et seq*.   Section 8542 of

the aforesaid Act (42 Pa.C.S.A. 8542) grants immunity to governmental entities and

their agents for all acts except for eight (8) specific areas which are:

      (1) vehicle liability;

      (2) Care, custody and control of personal property;

      (3) Real property;

      (4) Trees, traffic controls and street lighting;

      (5) Utility service facilities;

      (6) Streets;

      (7) Sidewalks; and

      (8) Care, custody and control of animals.

17.    The aforesaid exceptions do not apply to this case and the claims against

the District Attorney under state law should be dismissed.

WHEREFORE, it is respectfully requested that Plaintiff's Complaint be

dismissed.

                KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503        BY: /s/ Michael J. Donohue
(570) 346-7922            Michael J. Donohue
                       Attorney I.D. #25906

                       Attorneys for Defendants,
                       District Attorney Jeffrey Mitchell
                       and Wyoming County, *only*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMANTHA BAILEY, | : | |
| | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| DISTRICT ATTORNEY JEFFREY | : | |
| MITCHELL, in his official capacity; CHIEF | : | |
| OF POLICE STANLEY J. ELY, in his | : | |
| individual and official capacity; CHIEF OF | : | |
| POLICE JOHN KREIG, in his individual | : | |
| and official  capacity; POLICE OFFICER | : | |
| JOHN C. ZDANIEWICZ, in his individual | : | JUDGE: MALACHY E. MANNION |
| and official capacity; TUNKANNOCK | : | |
| TOWNSHIP; MESHOPPEN BOROUGH; | : | |
| AND WYOMING COUNTY, | : | |
| | : | |
| Defendants | : | NO. 3:17-CV-1128 |

CERTIFICATE OF NON-CONCURRENCE

The undersigned counsel sought the concurrence of counsel for Plaintiff via

First Class Mail and Attorney Leonard M. Gryskewicz, Jr. does not concur in the

foregoing Motion.

BY: /s/ Michael J. Donohue
 Michael J. Donohue
 Attorney I.D. #25906

 Attorneys for Defendants,
 District Attorney Jeffrey Mitchell
 and Wyoming County, *only*

CERTIFICATE OF SERVICE

AND NOW, this 28th day of July, 2017, Michael J. Donohue, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing AMENDED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) OF DEFENDANTS, DISTRICT ATTORNEY JEFFREY MITCHELL AND WYOMING COUNTY with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

LEONARD M. GRYSKEWICZ, JR.
LAMPMAN LAW
2 PUBLIC SQUARE
WILKES BARRE, PA 18701
lgecfs@gmail.com
alyssa.yanochick@lampmanlaw.com
lenny@lampmanlaw.com;
mary@lampmanlaw.com
*ATTORNEY FOR PLAINTIFF*

MARK J. KOZLOWSKI, ESQUIRE
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
P.O. 3118
SCRANTON, PA 18503
mjkozlowski@mdwcg.com
nhwise@mdwcg.com
*DEFENDANTS, ELY, KRIEG, ZDANIEWICZ,
TUNKHANNOCK TOWNSHIP AND MESHOPPEN BOROUGH*


/s/ Michael J. Donohue
Michael J. Donohue
Attorney I.D. #25906
Attorneys for Defendants,
District Attorney Jeffrey Mitchell
and Wyoming County, *only*