UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMANTHA BAILEY, | : | |
| | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| DISTRICT ATTORNEY JEFFREY | : | |
| MITCHELL, in his official capacity; CHIEF | : | |
| OF POLICE STANLEY J. ELY, in his | : | |
| individual and official capacity; CHIEF OF | : | |
| POLICE JOHN KREIG, in his individual | : | |
| and official  capacity; POLICE OFFICER | : | |
| JOHN C. ZDANIEWICZ, in his individual | : | JUDGE: MALACHY E. MANNION |
| and official capacity; TUNKANNOCK | : | |
| TOWNSHIP; MESHOPPEN BOROUGH; | : | |
| AND WYOMING COUNTY, | : | |
| | : | |
| Defendants | : | NO. 3:17-CV-1128 |

## BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) OF DEFENDANTS, DISTRICT ATTORNEY JEFFREY MITCHELL AND WYOMING COUNTY

Defendants, District Attorney Jeffrey Mitchell, in his official capacity, and

Wyoming County, *only*, through their attorneys, Kreder Brooks Hailstone LLP, file

this Brief in Support of their Amended Motion to Dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(6) as follows:

## I.    Facts

Plaintiff, Samantha Bailey ("Bailey"), has brought this suit against

Wyoming County District Attorney Jeffrey Mitchell ("Mitchell"), exclusively in

his official capacity, and Wyoming County (the "County"), as well as other Co-Defendants who are Wyoming County Municipalities and police officers of Wyoming County Municipalities.  The Complaint alleges two claims: (1) a "42 U.S.C. § 1983 Malicious Prosecution Claim" and (2) a "State Malicious Prosecution Claim."

The facts, as set forth in Plaintiff's Complaint, allege that Kandi Madill ("Madill"), Plaintiff's mother, took the Plaintiff to Tyler Memorial Hospital in Wyoming County on January 1, 2016, to be treated for a heroin overdose.  Ms. Madill also delivered a quantity of heroin and drug paraphernalia to the hospital, which turned it over to law enforcement officers.

Meshoppen Borough Police Chief, John Kreig, and Tunkhannock Township Police Officer, John C. Zdaniewicz, were the primary police officers involved in the case.   The police brought criminal charges against the Plaintiff including charges of possession of a controlled substance and drug paraphernalia.  A Preliminary Hearing was held before Magistrate District Judge David C. Plummer, who bound the charges over and set bail at $5,000.00.  Magistrate Judge Plummer set several conditions on Plaintiff's bail including the submission to blood tests for drug and alcohol and prohibition against using drugs and alcohol.

Plaintiff, through her counsel, filed an Omnibus Motion to Dismiss the criminal charges relying, *inter alia*, on the Drug Overdose Response Immunity Act

which provides immunity for persons who report a drug overdose offense.  The aforesaid Act also provides immunity for "persons experiencing drug overdose events...if a person who transported or reported and remained with them may not be charged and is entitled to immunity."

According to Plaintiff's Complaint, the District Attorney's Office asked for a continuance of the case until it could be examined more closely and did, ultimately, terminate the case through the filing of a *nolle proseque*.  The lawsuit against the District Attorney and Wyoming County is based solely upon the prosecution of this case.

On July 28, 2017, District Attorney Mitchell and Wyoming County filed an Amended Motion to Dismiss Plaintiff's claims against Mitchell and the County in their entirety.  This Brief is filed in support thereof.

## II.   Issues

A. WHETHER PLAINTIFF'S CLAIMS AGAINST DISTRICT ATTORNEY MITCHELL AND WYOMING COUNTY FOR ALLEGED VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 MUST BE DISMISSED AS BARRED BY PROSECUTORIAL IMMUNITY AND SECTION 780-113.7(e) OF THE DRUG OVERDOSE RESPONSE IMMUNITY ACT.

*(Suggested Answer: In the Affirmative).*

B. WHETHER PLAINTIFF'S CLAIMS AGAINST DISTRICT ATTORNEY MITCHELL AND WYOMING COUNTY FOR ALLEGED VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR MUNICIPAL LIABILITY PURSUANT TO *MONELL*.

*(Suggested Answer: In the Affirmative).*

C. WHETHER PLAINTIFF'S CLAIMS AGAINST DISTRICT ATTORNEY MITCHELL AND WYOMING COUNTY FOR STATE LAW VIOLATIONS MUST BE DISMISSED AS BARRED BY GOVERNMENTAL IMMUNITY.

*(Suggested Answer: In the Affirmative).*

## III.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  Dismissal of the complaint is appropriate when, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  The Supreme Court of the United States requires that the pleadings contain "detailed factual allegations which are more than 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *citing Twombley*, 550 U.S. 544. The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. 544.  This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action.  *Id.*  The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005).

4

## IV. <u>Argument</u>

A. <u>Plaintiff's Claims Against District Attorney Mitchell And Wyoming County For Alleged Violation Of Rights Under 42 U.S.C. § 1983 Must Be Dismissed As Barred By Prosecutorial Immunity And Section 780-113.7(e) Of The Drug Overdose Response Immunity Act.</u>

The lawsuit against the District Attorney and Wyoming County is based solely upon the District Attorney's prosecution of this case.  Plaintiff's claims must be dismissed because prosecutorial decisions are cloaked in absolute immunity from suit under the doctrine of prosecutorial immunity and the immunity bestowed by Section 780-113.7(e) of the Drug Overdose Response Immunity Act.

The United States Supreme Court has held that state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  This immunity extends to acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case."  *Id.* at 430–31.  The Supreme Court has noted numerous public policy considerations underlying its extension of absolute immunity to prosecutors:

> [S]uits against prosecutors for initiating and conducting prosecutions "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate"; lawsuits would divert prosecutors' attention and energy away from their important duty of enforcing the criminal law; prosecutors would have more difficulty than other officials in meeting the standards for qualified immunity; and potential liability "would prevent the

vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." ... [T]here are other checks on prosecutorial misconduct, including the criminal law and professional discipline.

*Burns v. Reed*, 500 U.S. 478, 485-86 (1991) (citing *Imbler*, 424 U.S. at 425, 427–29).

The Court has reaffirmed that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitsimmons*, 509 U.S. 259, 273 (1993). "Prosecutors are entitled to absolute immunity when performing their official duties, including the decision to prosecute an individual." *Sanders v. Cty. of Bradford*, No. CIV. 3:11-1723, 2013 WL 2435354, at *5 (M.D. Pa. 2013) *citing Stankowski v. Farley,* 487 F.Supp.2d 543 (M.D. Pa. 2007). **"The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages."** *Radocesky v. Munley*, 247 F. App'x 363, 365 (3d Cir. 2007).

Furthermore, the Drug Overdose Response Immunity Act, 35 P.S. § 780-113.7(e), specifically immunizes prosecuting attorneys from civil liability. Section 780-113.7(e) reads as follows:

(e)  In addition to any other applicable immunity or limitation on civil liability, a law enforcement officer or *prosecuting attorney who, acting in good faith, charges a person who is thereafter determined to be entitled to immunity under this section shall not be subject to civil liability for the filing of the charges.*

(Emphasis added).

In the instant case, Plaintiff's claims against District Attorney Mitchell and Wyoming County are all based solely upon the District Attorney's prosecution of this case and are therefore barred by absolute prosecutorial immunity and the immunity bestowed by Section 780-113.7(e).  Indeed, Plaintiff repeatedly pleads allegations illustrating that the true nature of her claim is a *prosecutorial* decision made by the District Attorney.  The specific allegations relating to District Attorney Mitchell and Wyoming County all revolve around the decision to *prosecute* Plaintiff on this charge.  (*See* Doc. #1 at ¶¶ 28, 43-45, 47-49, 53, 79-82, 86-92).  In fact, the words "prosecute," "prosecuted," "prosecution," and "prosecutorial" appear over 43 times in the Complaint.  Furthermore, Paragraph 53 of the Complaint specifically quotes language from the Drug Overdose Response Immunity Act, 35 P.S. § 780-113.7(c), to argue that Plaintiff should have been "immune from *prosecution*."

In an attempt to circumvent the immunity foreclosing her claim, Plaintiff includes a self-serving, and incorrect, assertion in the Complaint alleging that the

7

District Attorney's decisions were administrative in nature and not prosecutorial. Plaintiff's incorrect, conclusory allegation is insufficient to overcome the totality of allegations in the Complaint that solely focus on the prosecutorial nature of the alleged offense. *See Occhipinti v. Bauer*, *et al*, No. 3:13-CV-1875, 2016 WL 5845196 at *10 (M.D. Pa. 2016), report and recommendation of Magistrate Judge Carlson adopted by Judge Mariani, 2016 WL 5844327 and 2016 WL 5844875, (granting the District Attorney and County's Motion for Summary Judgment based on, *inter alia*, prosecutorial immunity).

Furthermore, Plaintiff also attempts to circumvent the doctrine of prosecutorial immunity by suing exclusively in the District Attorney's official capacity and claiming that the issue involves a policy of the District Attorney's Office and does not concern a criminal prosecution. That is a distinction without a difference. This case is centrally about the wrongful prosecution of a criminal case for which the Moving Defendants enjoy absolute prosecutorial immunity.

WHEREFORE, the Amended Motion to Dismiss Plaintiff's claims, in their entirety, against District Attorney Mitchell and the County should be granted with prejudice.

B. <u>Plaintiff's Claims Against District Attorney Mitchell And Wyoming County For Alleged Violation Of Rights Under 42 U.S.C. § 1983 Must Be Dismissed For Failure To State A Claim For Municipal Liability Pursuant To *Monell*.</u>

Plaintiff's claims against District Attorney Mitchell and Wyoming County pursuant to 42 U.S.C. § 1983 for violation of constitutional rights fail as a matter of law to state a claim for municipal liability.  Municipalities and other local governmental entities or officials may not be held liable under § 1983 for the acts of their employees under a theory of *respondeat superior* or vicarious liability.  *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991).  A municipality may only be held liable  "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

To sustain a *Monell* municipal liability claim a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury" to prevail.  *Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997)*.  A policy occurs when "a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict."  *Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir. 1996) (quoting *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted)).  A custom is defined as "such practices of state officials so permanent and well-settled

as to virtually constitute law." *Id.* It is incumbent upon a plaintiff to show that an identifiable policymaker is responsible either for the policy or, through acquiescence, for the custom. *Chambers ex rel. Chambers v. Sch. Dist. Of Philadelphia Bd Of Educ.,* 587 F.3d 176, 193 (3d Cir. 2009).

If "a § 1983 plaintiff identifies a municipal policy or custom, he must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Berg v. County of Allegheny,* 219 F.3d 261, 276 (3d Cir.2000) (internal quotation marks and citation omitted). Generally, proof of a single incident of unconstitutional activity is insufficient to impose municipal liability unless there is proof that it was caused by an existing municipal policy attributable to municipal policy-makers. *Callahan v. Lancaster-Lebanon Intermediate Unit 13*, 880 F. Supp. 319, 341 (E.D. Pa. 1994). "If ... the policy or custom does not facially violate federal law, causation can be established only by demonstrating that the municipal action was taken with deliberate indifference as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Chambers ex rel. Chambers v. Sch. Dist. Of Philadelphia Bd Of Educ.,* 587 F.3d 176, 193 (3d Cir. 2009)(emphasis added).

Plaintiff's Complaint fails, on several grounds, to allege a claim for municipal liability. Other than conclusory language, Plaintiff fails to allege any

facts to support an official policy or custom that allegedly violated Plaintiff's

constitutional rights.  The United States Supreme Court mandates that a pleading

must contain "detailed factual allegations which are more than 'labels and

conclusions' and 'a formulaic recitation of the elements of a cause of action.'"

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *citing Twombley*, 550 U.S. 544.  Here,

Plaintiff has failed to plead a factual foundation for the existence of a formal policy

of Wyoming County or its District Attorney's Office that, allegedly, consistently

and intentionally violates Pennsylvania's Drug Overdose Response Immunity Act.

Further, Plaintiff failed to plead a factual foundation for the occurrence of *any*

similar instances, let alone that Moving Defendants have a custom of such

instances.  Indeed, Plaintiff cannot make such an allegation of the existence of a

custom because this is the first case in Wyoming County in which the Drug

Overdose Response Immunity Act has ever been raised.  As courts have previously

held, "proof of a single incident of unconstitutional activity is insufficient to

impose municipal liability." *Berg, supra.*

Additionally, Plaintiff has failed to plead any facts to meet its burden of

pleading deliberate indifference on its failure to train allegations.  As the United

States Supreme Court stated, "such claims survive only in very compelling

circumstances." *Connick v. Thompson*, 563 U.S. 51 (2011). "A municipality's

culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id*. Accordingly, in order to bring a viable claim for municipal liability under § 1983, "a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Occhipinti*, 2016 WL 5845196 at *8, (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id*. Further, a failure to train can only form the basis for section 1983 municipal liability "if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Occhipinti*, 2016 WL 5845196 at *10.

Plaintiff has failed to plausibly allege *any* facts that *any* prior instances of similar prosecutions by Moving Defendants have *ever* occurred. Plaintiff's only allegations are conclusory in nature and do not meet the minimum threshold for pleading standards required by federal law. Accordingly, Plaintiff's claims for municipal liability must be dismissed.

WHEREFORE, the Amended Motion to Dismiss Plaintiff's claims, in their entirety, against District Attorney Mitchell and the County should be granted with prejudice.

C. Plaintiff's Claims Against District Attorney Mitchell And Wyoming County For State Law Violations Must Be Dismissed As Barred By Governmental Immunity.

Plaintiff's state law claims must be dismissed as immune from suit under the doctrine of governmental immunity pursuant to the Pennsylvania Political Subdivision Torts Claims Act, 42 Pa. C.S. § 8541, *et seq* ("Act").  Under the Act, local agencies are immune from tort liability pursuant to Section 8541.  Section 8541, entitled "Governmental immunity generally," states as follows:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

Likewise, governmental officials and employees are also immune from tort liability under the Act pursuant to Section 8545.  Section 8545 governs Official liability and states as follows:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties *only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.*

42 Pa. C.S. §8545.

13

The purpose of the Tort Claims Act is to limit governmental exposure to tort liability for its acts. See, e.g., *Lory v. City of Philadelphia*, 674 A.2d 673, 675–76 (Pa. 1996), cert. denied, 519 U.S. 870 (1996). *See also Smith v. City of Philadelphia*, 516 A.2d 306, 311 (Pa. 1986) (plurality opinion) ("preservation of the public treasury as against the possibility of unusually large recoveries in tort cases, is, self-evidently, an important governmental interest").

Pursuant to the Act, the only way to impute liability under a local agency and/or its officials and/or employees is to show both that the plaintiff's injury was caused by the negligent acts of the agency or its employees acting within the scope of their office or duties, <u>and</u> that the negligent acts fall within one of eight exceptions to immunity found in 42 Pa. C.S. § 8542(b).  The eight exceptions to immunity listed in Section 8542(b) are as follows:

> (1)  vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; or (8) care, custody or control of animals.

42 Pa. C.S. § 8542(b).

Here, Plaintiff's claims must be dismissed as a matter of law for failing to plead the elements required to overcome governmental immunity.   Wyoming County is a local agency and District Attorney Mitchell is a governmental official, both of which are admitted as so by Plaintiff throughout the Complaint.  Plaintiff

has not alleged a harm that falls within the 8 recognized exceptions to governmental immunity. Accordingly, Wyoming County and District Attorney Mitchell are immune from Plaintiff's state law claims.

WHEREFORE, the Amended Motion to Dismiss Plaintiff's claims, in their entirety, against District Attorney Mitchell and the County should be granted with prejudice.

## V.   <u>Conclusion</u>

For the foregoing reasons, Plaintiff has failed to plead a claim upon which relief can be granted against District Attorney Mitchell and Wyoming County.

WHEREFORE, the Amended Motion to Dismiss Plaintiff's claims against Mitchell and the County in their entirety should be granted with prejudice.

Respectfully submitted,

KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503          BY: */s/ Michael J. Donohue*
(570) 346-7922                   Michael J. Donohue, Esquire
                                 Attorney I.D. #25906

                            BY: */s/ Dana M. Zlotucha*
                                 Dana M. Zlotucha, Esquire
                                 Attorney I.D. # 312346

                                 Attorneys for Defendants,
                                 District Attorney Jeffrey Mitchell
                                 and Wyoming County, *only*

15

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 18th day of August, 2017, Dana M. Zlotucha, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) OF DEFENDANTS, DISTRICT ATTORNEY JEFFREY MITCHELL AND WYOMING COUNTY with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

LEONARD M. GRYSKEWICZ, JR.
LAMPMAN LAW
2 PUBLIC SQUARE
WILKES BARRE, PA 18701
lgecfs@gmail.com
alyssa.yanochick@lampmanlaw.com
lenny@lampmanlaw.com;
mary@lampmanlaw.com
*ATTORNEY FOR PLAINTIFF*

MARK J. KOZLOWSKI, ESQUIRE
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
P.O. 3118
SCRANTON, PA 18503
mjkozlowski@mdwcg.com
nhwise@mdwcg.com
*DEFENDANTS, ELY, KRIEG, ZDANIEWICZ,
TUNKHANNOCK TOWNSHIP AND MESHOPPEN BOROUGH*

<u>/s/ Dana M. Zlotucha</u>
Dana M. Zlotucha, Esquire
Attorney I.D. # 312346
Attorneys for Defendants,
District Attorney Jeffrey Mitchell
and Wyoming County, *only*